[Crim. No. 1106. Second Appellate District, Division One.—October 3, 1924.]

THE PEOPLE, Respondent, v. WALLACE J. HAMILTON, Appellant.

[1] CRIMINAL LAW—RAPE—RESISTANCE BY PROSECUTRIX—EVIDENCE— LEADING QUESTIONS—DISCRETION.—In this prosecution on a charge of rape committed with force and violence, the evidence of the prosecutrix was sufficient to prove that she, persistently and to the full extent of her power, resisted the accomplishment of the offense by the defendant; and the testimony of the prosecutrix showed that her examination by the district attorney was fairly conducted, without any effort to suggest the manner in which she should tell her story, and that there was no abuse of discretion in the allowance of such leading questions as were permitted.

----

(1) 17 C. J., p. 245, sec. 3584; 33 Cyc., p. 1489; 40 Cyc., pp. 2427, 2432.

1. See 22 R. C. L. 1203, 1229.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. Edgar A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stickney, Stickney & Burch for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and C. C. Kempley for Respondent.

CONREY, P. J.—The defendant was convicted on a charge that he committed the crime of rape, with force and violence, etc. He appeals from the judgment and from an order denying his motion for a new trial.

The points presented on behalf of appellant are, first, that the court improperly allowed certain leading questions, during the examination of the chief witness for the prosecution, and erroneously overruled objections to those questions. Next, that the evidence is insufficient to sustain the verdict in this that there is not evidence legally sufficient to prove that the prosecutrix, persistently and to the full extent of her power, resisted the accomplishment of the offense by the defendant; and, therefore, that the evidence does not establish the use of force and violence.

The defendant met the prosecuting witness at a social evening party of young people at a church. With the consent of the prosecutrix, who was a girl of seventeen, he started to take her home in his automobile. This was at about 11 o'clock. Instead of driving to her home, he drove out into a remote and uninhabited country, and did not bring the girl back to her home until 2 o'clock in the morning. The defendant, while admitting the night ride, and some playful and not much resisted attempts to "love and embrace" the girl, testified emphatically that he did not have sexual intercourse with her.

But her testimony is corroborated in several ways. Her complaint, made to her mother a few hours later, was followed immediately by a medical examination. The uncontradicted testimony of the examining surgeon left practically no doubt that an act of sexual intercourse with the prosecu-

trix had been accomplished within twenty-four hours prior to the time of the examination.

[1] The fact of resistance by the girl is sufficiently shown by her testimony. It is not necessary to republish her statements in this place. There was no abuse of discretion in the allowance of such leading questions as were permitted. For example: *Question by district attorney:* "Did you struggle with him after you got in the back seat?" Objected to as leading. Overruled. *Answer:* "Yes, I did, with all my might, but I was overpowered; he was too strong." The testimony of the witness, both preceding and following the question, shows that the examination was being fairly conducted, without any effort to suggest to the witness the manner in which she should tell her story.

We are satisfied that appellant was given a fair trial, free from any important or prejudicial error.

The judgment and order are affirmed.

Houser, J., and Curtis, J., concurred.